IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH W. SANFILIPPO,

            Plaintiff,

    v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

            Defendant.

No. 6:12-cv-01557-HZ

OPINION & ORDER

Kathryn Tassinari
Robert Baron
Harder, Wells, Baron & Manning, PC
474 Willamette, Suite 200
Eugene, OR  97401

    Attorneys for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR  97201-2902

/ / /

1 - OPINION & ORDER

David J. Burdett
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA  98104-7075

      Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Joseph Sanfilippo brings this action under 42 U.S.C. § 405(g) to seek judicial review of the Administrative Law Judge's ("ALJ") order dismissing Plaintiff's application for disability benefits. Defendant moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. I grant the motion to dismiss.

## BACKGROUND

Plaintiff filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on April 7, 2009. Weigel Decl. ¶ 3a. The applications were denied on June 15, 2009. Id. at Ex. 1a. Plaintiff requested reconsideration on August 19, 2009. Id. at Ex. 1b. The applications were denied upon reconsideration on October 14, 2009. Id. The denial letters explained how Plaintiff could appeal the denials. In the SSI denial letter, Plaintiff was advised three times that he must file an appeal within 60 days from the date of receiving the notice. Id. at 2. For example, the "YOUR RIGHT TO APPEAL" section stated,

> If you still are not satisfied with the decision, you may request a hearing of this decision by the Office of Hearings and Appeals. YOU MUST REQUEST THE HEARING IN WRITING WITHIN 60 DAYS FROM THE DATE YOU RECEIVE THIS NOTICE.

Id. The DIB denial letter included similar language. Id. at 4.

2 - OPINION & ORDER

The deadline to request a hearing before an ALJ was December 17, 2009.[1] On December 21, 2009, Plaintiff made an untimely request for a hearing. Id. at Ex. 2. Plaintiff was represented by attorney Robert Baron at that time. Id. Plaintiff stated that he missed the deadline because he was in pain and only has a 10th grade education with a background in special education. Pl.'s Resp. Ex. A. On April 19, 2011, the ALJ dismissed Plaintiff's request for a hearing. Id. at Ex. 3b. In the amended order of dismissal, the ALJ found that Plaintiff had not shown good cause for missing the deadline to request a hearing. Id. at 5.

## STANDARD

The Social Security Act limits judicial review of the Commissioner's decisions to "any final decision . . . made after a hearing." 42 U.S.C. § 405(g). A decision to deny a "request to extend the time period for requesting review of a determination or a decision" is not subject to judicial review. 20 C.F.R. 404.903, 416.1403. However, there is an exception to section 405(g) when a constitutional claim is at issue. Califano v. Sanders, 430 U.S. 99, 109 (1977). A court has jurisdiction to hear "any colorable constitutional claim of due process violation that 'implicates a due process right [either] to a meaningful opportunity to be heard[.]" Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997) (quoting Panages v. Bowen, 871 F.2d 91, 93 (9th Cir. 1989)). "Where a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits, he has asserted a colorable constitutional claim." Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001) (claimant suffered from schizophrenia, was not taking medication, and was hospitalized at the time benefits were terminated).

---

[1] The Social Security Administration assumes that a claimant receives a letter within five days of the date of the letter, unless a claimant shows otherwise. 20 C.F.R. 404.901, 416.1401.

The ALJ's decision of whether the claimant lacked the mental capacity to understand the adverse decision is reviewed under the substantial evidence standard. Id. at 1100. "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. Substantial evidence is 'more than a mere scintilla, but less than a preponderance." Evans, 110 F.3d at 1483 (quotations omitted).

## DISCUSSION

The ALJ denied Plaintiff's request for an extension of time to request a hearing because there is no mention of any mental impairments in the medical records that would indicate a lack of mental capacity around the time of the missed deadline. Weigel Decl. Ex. 3b at 5. In addition, the ALJ reasoned that having a 10th grade education does necessarily mean Plaintiff could not read or understand notice regarding his appeal rights. Id. The ALJ also recognized that Plaintiff stated he was in pain and that the pain medications made it hard for him to "keep up." Id. The ALJ concluded that Plaintiff had not established good cause for missing the December 17, 2009 deadline and dismissed the request for a hearing. Id.

The following factors are considered to determine whether the claimant lacked the mental capacity to understand the procedure for requesting a review: "[1] inability to read or write; [2] lack of facility with the English language; [3] limited education; [4] any mental or physical condition which limits the claimant's ability to do things for him/herself." 1991 SSR LEXIS 5 (SSR 1991). These factors are considered "as they existed at the time of the prior administrative action[.]" Id.

From August to December 2009, the medical records submitted by Plaintiff show that his major complaint is for back pain. Pl.'s Resp. Ex. C at 1, 19, 25, 28. There is an absence of any

evidence of mental impairment during the time Plaintiff missed the deadline.[2]  Id.  Other than the conclusory statement that Plaintiff could barely "keep up" with doctor appointments and state workers, there is no explanation of how Plaintiff was limited mentally or physically. Additionally, there is no evidence that Plaintiff cannot read or write or has difficulties with English.  I find that the ALJ's decision is supported by substantial evidence.

CONCLUSION

Based on the foregoing, Defendant's motion to dismiss (#6) is granted and Plaintiff's complaint is dismissed.

IT IS SO ORDERED.

Dated this 25 day of June, 2013.

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge

---

[2] On August 3, 2010, Plaintiff was diagnosed with a major depressive disorder without psychotic features and a generalized anxiety disorder. Id. Ex. D at 10.  However, this diagnosis occurred more than eight months after Plaintiff had missed the deadline to request a hearing.  It is not certain that a diagnosis of depression would show a lack of mental capacity to understand the notice.  See Evans, 110 F.3d at 1484.

5 - OPINION & ORDER